1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware corporation; HANESBRANDS, INC., a Maryland corporation; and HBI BRANDED APPAREL ENTERPRISES, LLC, a Delaware limited liability company,

              Plaintiffs,

      v.

DAFANG HAOJIAFU HOTPOT STORE, a Chinese entity doing business as DA FANG; HAO JIAFU, an individual; and DOES 1-10,

              Defendants.

No.

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

## I.      INTRODUCTION

1.     This case involves Defendants' unlawful and expressly prohibited sale of silicone covers for earbud cases that illegally bear registered trademarks of HanesBrands, Inc. and HBI Branded Apparel Enterprises, LLC (collectively, "HanesBrands") on Amazon.com. Amazon, along with HanesBrands, jointly bring this lawsuit to permanently prevent and enjoin Defendants from causing future harm to Amazon's and HanesBrands' customers, reputations, and intellectual property ("IP"), and to hold Defendants accountable for their illegal actions.

2.     The Amazon store offers products and services to customers in more than 100 countries around the globe.  Some of the products are sold directly by Amazon, while others are sold by Amazon's numerous third-party selling partners.  The Amazon brand is one

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

of the most well-recognized, valuable, and trusted brands in the world.  In order to protect customers and safeguard its reputation for trustworthiness, Amazon invests heavily in both time and resources to prevent infringing goods from being sold in its store.  In 2020 alone, Amazon invested over $700 million and employed more than 10,000 people to protect its store from fraud and abuse.  Amazon stopped over six million suspected bad actor selling accounts before they published a single listing for sale and blocked more than ten billion suspected bad listings before they were published.  As a result of these efforts and investment, 99.9% of all products viewed by customers on Amazon did not have a valid counterfeit complaint.

3.      HanesBrands is a socially responsible leading manufacturer of everyday casual wear in the Americas, Europe, Australia, and Asia-Pacific.  HanesBrands is the owner of the iconic Champion brand.  For nearly 100 years, the Champion brand has been synonymous with high-quality uniforms and apparel for amateur and professional athletes, as well as popular styles of sportswear and leisurewear for kids and adults.  Champion apparel has been worn by millions of everyday people, celebrities, and athletes, and the Champion brand has become one of the most recognized sportswear brands in history.

4.      For example, in the late 1980s and early 1990s, the Champion brand exploded into popular culture, as music artists, including EPMD, TLC, Public Enemy, and licensed athletic apparel helped propel the Champion brand beyond athletic wear and into everyday life for millions of people around the world.  In 1992, the legendary USA "Dream Team" even wore Champion-branded basketball uniforms at the Summer Olympics.

5.      Through these and many other examples, the Champion brand, aided by the distinctive Champion trademarks, shown below, has become one of the most iconic brands in history:

| Champion Script Logo | Champion C Logo |
| --- | --- |
|  |  |

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 2

6.      HanesBrands owns, manages, enforces, licenses, and maintains IP, including various trademarks.  Relevant to this Complaint, HanesBrands owns the following registered trademarks used on its Champion products ("Champion Trademarks").

| Mark | Registration No. (International Classes) |
|---|---|
| *Champion* | 1,323,337 (IC 025) |
| *Champion* | 1,756,925 (IC 025) |
| *Champion* | 1,828,930 (IC 025) |
| *Champion* | 1,915,092 (IC 025) |
| *Champion* | 2,004,276 (IC 025) |
| *Champion* | 3,000,691 (IC 035) |
| *Champion* | 4,800,690 (IC 025) |
| *Champion* | 5,241,808 (IC 09) |
| *Champion* | 5,241,809 (IC 021) |
| *Champion* | 5,251,493 (IC 024) |
| *Champion* | 5,608,562 (IC 018) |
| *Champion* | 5,851,825 (IC 018) |
| C (logo) | 1,127,251 (IC 025, IC 026) |

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 3

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

| | |
|---|---|
|  | 1,463,681 (IC 025) |
|  | 1,566,064 (IC 025) |
|  | 1,827,538 (IC 025) |
|  | 2,923,145 (IC 025) |
|  | 3,668,955 (IC 018) |
|  | 4,550,216 (IC 025) |
|  | 4,791,661 (IC 025) |
|  | 5,228,463 (IC 024) |
|  | 5,241,807 (IC 09) |

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 4

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

True and correct copies of the registration certificates for the Champion Trademarks are attached as **Exhibit A**. Defendants' infringing use of the Champion Trademarks on their inauthentic products are likely to cause confusion and a false association with HanesBrands' products, as further described in this Complaint.[1]

7.      Through at least February 2021, Defendants advertised, marketed, offered, and sold inauthentic products in the Amazon store, using the Champion Trademarks, without authorization, to deceive customers about the authenticity and origin of the products and the products' affiliation with HanesBrands, specifically its Champion brand.

8.      As a result of their illegal actions, Defendants have infringed and misused HanesBrands' IP, willfully deceived and harmed Amazon, HanesBrands, and their customers, compromised the integrity of the Amazon store, and undermined the trust that customers place in Amazon and HanesBrands. Defendants' illegal actions have caused Amazon and HanesBrands to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from inflicting future harm to Amazon, HanesBrands, and their customers.

## II.      PARTIES

9.      Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. Through its subsidiaries, Amazon.com, Inc. owns and operates the Amazon.com website, counterpart international websites, and Amazon store (collectively, "Amazon").

10.      HanesBrands, Inc. is a Maryland corporation with its principal place of business in Winston-Salem, North Carolina.

---

[1] Although at the time of Defendants' infringing sales the Champion Trademarks did not cover silicone covers for earbud cases, HanesBrands has five trademark applications pending before the United States Patent and Trademark Office covering goods related to the infringing goods at issue in this Complaint. U.S. Trademark Application Serial No. 88851149 (filed March 27, 2020); U.S. Trademark Application Serial No. 88592850 (filed Aug. 26, 2019); U.S. Trademark Application Serial No. 88592930 (filed Aug. 26, 2019); U.S. Trademark Application Serial No. 88208682 (filed Nov. 28, 2018); U.S. Trademark Application Serial No. 88208503 (filed Nov. 28, 2018).

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 5

11.     HBI Branded Apparel Enterprises, LLC is a Delaware limited liability company with its principal place of business in Winston-Salem, North Carolina.

12.     Defendants are a collection of individuals, both known and unknown, who conspired and operated in concert with each other to engage in the illegal scheme alleged in this Complaint.  Defendants are subject to liability for their wrongful conduct both directly and under principles of secondary liability including, without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

13.     On information and belief, Defendant Dafang HaoJiafu Hotpot Store is a Chinese entity doing business as Da Fang.  On further information and belief, Defendant Dafang HaoJiafu Hotpot Store purports to have a business address in Guizhou, China.  On further information and belief, Dafang HaoJiafu Hotpot Store personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit as a result of that wrongful conduct.

14.     On information and belief, Defendant Hao Jiafu is an individual, doing business as Da Fang, who resides in China, personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.  On further information and belief, Defendant Hao Jiafu is affiliated with Defendant Dafang HaoJiafu Hotpot Store and is identified with the same purported business address in Guizhou, China.

15.     On information and belief, Defendants Does 1-10 are individuals and entities working in active concert with each other and the named Defendants to knowingly and willfully manufacture, import, advertise, market, offer, and sell inauthentic products bearing unauthorized depictions of the Champion Trademarks.  The identities of Does 1-10 are presently unknown to Plaintiffs.

III.     JURISDICTION AND VENUE

16.     The Court has subject matter jurisdiction over Amazon's and HanesBrands' Lanham Act claims for 1) trademark infringement; and 2) false designation and false

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

advertising pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has subject matter jurisdiction over Amazon's and HanesBrands' claim for violation of the Washington Consumer Protection Act pursuant to 28 U.S.C. §§ 1332 and 1367.

17. The Court has personal jurisdiction over all Defendants because they transacted business and committed tortious acts within and directed to the State of Washington, and Amazon's and HanesBrands' claims arise from those activities. Defendants affirmatively undertook to do business with Amazon, a corporation with its principal place of business in Washington, and sold through the Amazon store inauthentic products bearing unauthorized depictions of the Champion Trademarks and which otherwise infringed HanesBrands' IP. Defendants shipped inauthentic products bearing unauthorized depictions of the Champion Trademarks to consumers in Washington. Each of the Defendants committed, or facilitated the commission of, tortious acts in Washington and has wrongfully caused Amazon and HanesBrands substantial injury in Washington.

18. Further, the named Defendants have consented to the jurisdiction of this Court by agreeing to the Amazon Services Business Solutions Agreement ("BSA"), which provides that the "Governing Courts" for claims to enjoin infringement or misuse of IP rights are state or federal courts located in King County, Washington.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington.

20. Venue is proper in this Court also with respect to Defendants by virtue of the allegations stated in paragraph 17 above, which are incorporated herein.

21. Pursuant to Local Civil Rule 3(d), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

# IV.   FACTS

## A.   Amazon's Efforts to Prevent the Sale of Inauthentic Goods

22.     Amazon works hard to build and protect the reputation of its store as a place where customers can conveniently select from a wide array of authentic goods and services at competitive prices.  Amazon invests a vast amount of resources to ensure that when customers make purchases through the Amazon store—either directly from Amazon or from one of its millions of third-party sellers—customers receive authentic products made by the true manufacturer of those products.

23.     A small number of bad actors seeks to take advantage of the trust customers place in Amazon by attempting to create Amazon Selling Accounts to advertise, market, offer, and sell inauthentic products.  These bad actors seek to misuse and infringe the trademarks and other IP of the true manufacturers of those products to deceive Amazon and its customers.  This unlawful and expressly prohibited conduct undermines the trust that customers, sellers, and manufacturers place in Amazon, and tarnishes Amazon's brand and reputation, thereby causing irreparable harm to Amazon.

24.     Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of customers and working with brands, manufacturers, rights owners, and others to improve the detection and prevention of inauthentic products ever being offered to customers through the Amazon store.  Amazon employs dedicated teams of software engineers, research scientists, program managers, and investigators to prevent inauthentic products from being offered in the Amazon store.  Amazon's systems automatically and continuously scan thousands of data points to detect and remove inauthentic products from its store and to terminate the Selling Accounts of bad actors before they can offer inauthentic products.  When Amazon identifies issues based on this feedback, it takes action to address them.  Amazon also uses this intelligence to improve its proactive prevention controls.

25.     In 2017, Amazon launched the Amazon Brand Registry, a free service to any rights owner with a government-registered trademark, regardless of the brand's relationship

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 8

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

with Amazon.  Brand Registry delivers automated brand protections that use machine learning to predict infringement and proactively protect brands' IP.  Brand Registry also provides a powerful Report a Violation Tool that allows brands to search for and accurately report potentially infringing products using state-of-the-art image search technology.  More than 500,000 brands, including HanesBrands, are enrolled in Brand Registry, and those brands are finding and reporting 99% fewer suspected infringements since joining Brand Registry.

26.    In 2018, Amazon launched Transparency, a product serialization service that effectively eliminates counterfeits for enrolled products.  Brands enrolled in Transparency can apply a unique 2D code to every unit they manufacture, which allows Amazon, other retailers, law enforcement, and customers to determine the authenticity of any Transparency-enabled product, regardless of where the product was purchased.  In 2020, over 15,000 brands were using Transparency enabling the protection of more than 500 million product units.

27.    In 2019, Amazon launched Amazon Project Zero, a program to empower brands to help Amazon drive counterfeits to zero.  Amazon Project Zero introduced a novel self-service counterfeit removal tool that enables brands to remove counterfeit listings directly from the Amazon store.  This enables brands to take down counterfeit product offerings on their own within minutes.  In 2020, there were more than 18,000 brands enrolled in Project Zero.  For every listing removed by a brand, Amazon's automated protections removed more than 600 listings through scaled technology and machine learning, stopping those listings from appearing in the Amazon store.

28.    In addition to these measures, Amazon actively cooperates with rights owners and law enforcement to identify and prosecute bad actors suspected of engaging in illegal activity.  Lawsuits, like this one, are integral components of Amazon's efforts to prevent the sale of inauthentic goods.

**B.    HanesBrands and Its Efforts to Prevent the Sale of Inauthentic Goods**

29.    HanesBrands goes to great lengths to protect consumers from counterfeits and other inauthentic products bearing its trademarks, and is committed to leading efforts to combat

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

the sale of infringing products.  HanesBrands utilizes both internal and external resources to combat counterfeits, piracy, and distribution abuse online.  This includes trained internal staff who consistently monitor online retailer sites around the world for IP infringements and counterfeit sellers.  HanesBrands also works with a third-party brand protection service vendor on the detection and removal of product listings violating HanesBrands' IP rights.

30.     HanesBrands is currently enrolled in Amazon Brand Registry and Project Zero.

**C.     Defendants Created an Amazon Selling Account and Agreed Not to Sell Inauthentic Goods**

31.     Defendants controlled and operated the Amazon Selling Account detailed in section D below through which they sought to advertise, market, sell, and distribute inauthentic products bearing unauthorized depictions of the Champion Trademarks.  In connection with this Selling Account, Defendants provided names, email addresses, and banking information for the account.  On information and belief, Defendants took active steps to mislead Amazon and conceal their true location and identities by providing false information.

32.     To become a third-party seller in the Amazon store, sellers are required to agree to the BSA, which governs the applicant's access to and use of Amazon's services and states Amazon's rules for selling through the store.  By entering into the BSA, each seller represents and warrants that it "will comply with all applicable laws in [the] performance of [its] obligations and exercise of [its] rights" under the BSA.  A true and correct copy of the applicable version of the BSA, namely, the version when Defendants last used Amazon's Services, is attached as **Exhibit B**.

33.     The BSA incorporates, and sellers therefore agree to be bound by, Amazon's Anti-Counterfeiting Policy, the applicable version of which is attached as **Exhibit C**.  The Anti-Counterfeiting Policy expressly prohibits the sale of inauthentic goods bearing unauthorized trademarks in the Amazon store:

- You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured[.]

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 10

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

- You must provide records about the authenticity of your products if Amazon requests that documentation[.]

Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfilment centers, and other legal consequences.

*Id.*

34.    Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of inauthentic goods in the Amazon store, together with the consequences of doing so:

- Sell Only Authentic and Legal Products.  It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale.  Examples of prohibited products include:

  o   Bootlegs, fakes, or pirated copies of products or content

  o   Products that have been illegally replicated, reproduced, or manufactured

  o   Products that infringe another party's intellectual property rights

- Maintain and Provide Inventory Records.  Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale.  You may remove pricing information from these documents, but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account.

- Consequences of Selling Inauthentic Products.  If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts), destroy any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.

- Amazon Takes Action to Protect Customers and Rights Owners.  Amazon also works with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers.  As a result of our detection and enforcement activities, Amazon may:

  o   Remove suspect listings.

  o   Take legal action against parties who knowingly violate this policy and harm our customers.  In addition to criminal

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 11

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.

- Reporting Inauthentic Products.  We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us.  We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders. You may view counterfeit complaints on the Account Health page in Seller Central.

*Id.*

35.     When they registered as a third-party seller in the Amazon store, and established their Selling Account, Defendants agreed not to advertise, market, offer, sell, or distribute inauthentic products that infringe another party's IP rights.

**D.     Identification of Inauthentic Products Sold Through Defendants' Selling Account**

36.     Defendants advertised, marketed, offered, and sold inauthentic HanesBrands-branded products in the Amazon store.

37.     At all times described herein, the Da Fang Selling Account was controlled and operated by Defendants Dafang HaoJiafu Hotpot Store and Hao Jiafu and, on information and belief, other unknown parties.

38.     From June 2020 through at least February 2021, Defendants were advertising, marketing, offering, and selling inauthentic products in the Amazon store bearing unauthorized Champion Trademarks through the Defendants' Selling Account.  HanesBrands knew the products were inauthentic and illegally infringing upon HanesBrands' IP rights because HanesBrands did not make or license silicone covers for earbud cases (with or without keychains) that bear the Champion Trademarks.  Photos of the inauthentic products as advertised, marketed, distributed, offered for sale, and sold on the Defendants' Selling Account follow:

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

Photos of products offered for sale by Defendants Dafang HaoJiafu Hotpot Store and Hao Jiafu in the Amazon store.



### E.    Amazon and HanesBrands Shut Down Defendants' Account

39.    By selling inauthentic products, Defendants falsely represented to Amazon and its customers that the products Defendants sold were genuine products made by HanesBrands. Defendants also knowingly and willfully used HanesBrands' IP in connection with the advertisement, marketing, distribution, offering for sale, and sale of inauthentic HanesBrands products.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 13

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

40.     At all times, Defendants knew they were prohibited from violating third-party IP rights or any applicable laws while selling products in the Amazon store.  Defendants have deceived Amazon's customers and Amazon, infringed and misused the IP rights of HanesBrands, harmed the integrity of and customer trust in the Amazon store, and tarnished Amazon's and HanesBrands' brands.

41.     Amazon, after receiving notice of Defendants' illegal scheme, verified Defendants' unlawful sale of inauthentic HanesBrands products and blocked Defendants' Selling Account.  In doing so, Amazon exercised its rights under the BSA to protect customers and the reputations of Amazon and HanesBrands.

## V.     CLAIMS

### FIRST CLAIM
*(by HanesBrands against all Defendants)*
**Trademark Infringement – 15 U.S.C. § 1114**

42.     Plaintiff HanesBrands incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

43.     Defendants' activities constitute infringement of the Champion Trademarks as described in the paragraphs above.

44.     HanesBrands advertises, markets, offers, and sells its products using the Champion Trademarks described above and uses those trademarks to distinguish its products from the products and related items of others in the same or related fields.

45.     Because of HanesBrands' long, continuous, and exclusive use of the Champion Trademarks identified in this Complaint, the trademarks have come to mean, and are understood by customers and the public to signify products from HanesBrands, specifically its Champion brand.

46.     Defendants unlawfully advertised, marketed, offered, and sold inauthentic products bearing unauthorized depictions of the Champion Trademarks with the intent and likelihood of causing customer confusion, mistake, and deception as to the products' source, origin, and authenticity.  Specifically, Defendants intended customers to believe, incorrectly,

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

that the products originated from, were affiliated with, and/or were authorized by HanesBrands and likely caused such erroneous customer beliefs.

47.     As a result of Defendants' wrongful conduct, HanesBrands is entitled to recover its actual damages, Defendants' profits attributable to the infringement, and attorney fees pursuant to 15 U.S.C. § 1117(a).

48.     HanesBrands is further entitled to injunctive relief, including an order impounding all infringing products and promotional materials in Defendants' possession. HanesBrands has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) the Champion Trademarks are unique and valuable property that has no readily determinable market value; (b) Defendants' infringement constitutes harm to HanesBrands and HanesBrands' reputation and goodwill such that HanesBrands could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials; and (d) Defendants' wrongful conduct, and the resulting harm to HanesBrands, is likely to be continuing.

## SECOND CLAIM
### *(by HanesBrands against all Defendants)*
### False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)

49.     Plaintiff HanesBrands incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

50.     HanesBrands owns the Champion Trademarks and advertises, markets, offers, and sells its products using the trademarks described above and uses the trademarks to distinguish its products from the products and related items of others in the same or related fields.

51.     Because of HanesBrands' long, continuous, and exclusive use of the Champion Trademarks, it has come to mean, and is understood by customers, end users, and the public, to signify products from HanesBrands, specifically its Champion brand.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 15

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

52.     Defendants' wrongful conduct includes the infringement of the Champion Trademarks in connection with Defendants' commercial advertising or promotion, and offering for sale and sale, of inauthentic products bearing unauthorized depictions of the Champion Trademarks in interstate commerce.

53.     In advertising, marketing, offering, and selling inauthentic products bearing unauthorized depictions of the Champion Trademarks, Defendants have used, and on information and belief continue to use, the Champion Trademarks referenced above to compete unfairly with HanesBrands and to deceive customers.  Upon information and belief, Defendants' wrongful conduct misleads and confuses customers and the public as to the origin and authenticity of the goods and services advertised, marketed, offered, or sold in connection with the Champion Trademarks and wrongfully trades upon Hanesbrands' goodwill and business reputation.

54.     Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that products originate from or are authorized by HanesBrands, all in violation of 15 U.S.C. § 1125(a)(1)(A).

55.     Defendants' conduct also constitutes willful false statements in connection with goods and/or services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B).

56.     HanesBrands is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below. Defendants' acts have caused irreparable injury to HanesBrands.  The injury to HanesBrands is irreparable, and on information and belief, is continuing.  An award of monetary damages cannot fully compensate HanesBrands for its injuries, and HanesBrands lacks an adequate remedy at law.

57.     HanesBrands is further entitled to recover Defendants' profits, HanesBrands' damages for its losses, and HanesBrands' costs to investigate and remediate Defendants'

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 16

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

conduct and bring this action, including its attorney's fees, in an amount to be determined. HanesBrands is also entitled to the trebling of any damages award as allowed by law.

### THIRD CLAIM
*(by Amazon against all Defendants)*
**False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a)**

58. Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

59. Amazon's reputation for trustworthiness is at the heart of its relationship with customers. Defendants' actions in selling inauthentic products pose a threat to Amazon's reputation because they undermine and jeopardize customer trust in the Amazon store.

60. Specifically, Defendants deceived Amazon and its customers about the authenticity of the products they were advertising, marketing, offering, and selling, in direct and willful violation of the BSA and Amazon's Anti-Counterfeiting Policies. Defendants' deceptive acts were material to Amazon's decision to allow Defendants to sell their products in the Amazon store because Amazon would not have allowed Defendants to do so but for their deceptive acts.

61. In advertising, marketing, offering, and selling inauthentic products bearing unauthorized depictions of the Champion Trademarks in the Amazon store, Defendants made false and misleading statements of fact about the origin, sponsorship, or approval of those products in violation of 15 U.S.C. § 1125(a)(1)(A).

62. Defendants' acts also constitute willful false statements in connection with goods and/or services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B).

63. As described above, Defendants, through their illegal acts, have willfully deceived Amazon and its customers, jeopardized the trust that customers place in the Amazon store, tarnished Amazon's brand and reputation, and harmed Amazon and its customers. Defendants' misconduct has also caused Amazon to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 17

causing further harm to Amazon and its customers.  Defendants' illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing at least to the extent that Defendants continue to establish selling accounts under different or false identities.  An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

64.     Amazon is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below, along with its attorneys' fees and costs in bringing this lawsuit.

### FOURTH CLAIM
*(by HanesBrands and Amazon against all Defendants)*
**Violation of Washington Consumer Protection Act, RCW 19.86.010, *et seq.***

65.     Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth herein.

66.     Defendants' advertising, marketing, offering, and selling of inauthentic products bearing unauthorized depictions of the Champion Trademarks constitute an unfair method of competition and unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020.

67.     Defendants' advertising, marketing, offering, and selling of inauthentic products bearing unauthorized depictions of the Champion Trademarks harms the public interest by deceiving customers about the authenticity, origins, and sponsorship of the products.

68.     Defendants' advertising, marketing, offering, and selling of inauthentic products bearing unauthorized depictions of the Champion Trademarks directly and proximately causes harm to and tarnished Plaintiffs' reputations and brands, and damages their business and property interests and rights.

69.     Accordingly, Plaintiffs seek to enjoin further violations of RCW 19.86.020 and recover their attorneys' fees and costs.  HanesBrands further seeks to recover its actual damages, trebled.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 18

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

# VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A.    That the Court issue an order permanently enjoining Defendants, their officers, agents, representatives, servants, employees, successors, and assigns, and all others in active concert or participation with them, from:

(i)    selling products in the Amazon store;

(ii)    selling products to Amazon or any affiliate;

(iii)    opening or attempting to open any Amazon Selling Accounts;

(iv)    manufacturing, distributing, offering to sell, or selling any product using HanesBrands' brands or trademarks, or which otherwise infringes HanesBrands' IP, on any platform or in any medium;

(v)    assisting, aiding or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (i) through (iv) above;

B.    That the Court enter judgment in Plaintiffs' favor on all claims brought by them;

C.    That the Court enter an order pursuant to 15 U.S.C. § 1116 impounding all infringing products bearing the Champion Trademarks or that otherwise infringe HanesBrands' IP, and any related materials, including business records, in Defendants' possession or under their control;

D.    That the Court enter an order requiring Defendants to provide Plaintiffs a full and complete accounting of all amounts due and owing to Plaintiffs as a result of Defendants' unlawful activities;

E.    That Defendants be required to pay all general, special, and actual damages which HanesBrands has sustained, or will sustain as a consequence of Defendants' unlawful acts, and that such damages be enhanced, doubled, or trebled as provided for by RCW 19.86.020, or otherwise allowed by law;

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 19

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

F.      That Defendants be required to pay the costs of this action and Plaintiffs' reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law; and

G.      That the Court grant Plaintiffs such other, further, and additional relief as the Court deems just and equitable.

DATED this 10th day of June, 2021.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

By *s/ Scott R. Commerson*
Scott R. Commerson (*pro hac vice* application forthcoming)

865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

*s/ Lauren Rainwater*
Lauren Rainwater, WSBA #43625

920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1604
Tel: (206) 622-3150
Fax: (206) 757-7700
Email: laurenrainwater@dwt.com

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax