UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., et al., | |
| Plaintiffs, | CASE NO. C21-766-RSM |
| v. | ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION FOR ALTERNATIVE SERVICE |
| DAFANG HAOJIAFU HOTPOT STORE, et al., | |
| Defendants. | |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiffs Amazon.com, Inc. ("Amazon") and Hanesbrands, Inc., and HBI Branded Apparel Enterprises, LLC (collectively, "HanesBrands")'s Motion for Alternative Service to effect service on Defendants by email.  Dkt. #12.  Defendants have not yet appeared in the matter.  For the reasons set forth below, the Court GRANTS Plaintiffs' motion.

## II.    BACKGROUND

On June 10, 2021, Plaintiffs filed this action against Dafang HaoJiafu Hotpot Store and DOES 1-10 alleging Lanham Act violations for trademark infringement, false designation of origin, and false advertising, and violations of the Washington Consumer Protection Act related to

ORDER GRANTING PLAINTIFFS' EX
PARTE MOTION FOR ALTERNATIVE
SERVICE - 1

1    Defendants' unlawful sale of silicone covers in the Amazon store for earbud cases bearing

2    HanesBrands' federally registered Champion-brand trademarks (the "Champion Trademarks")

3    without authorization.  Dkt. #1.  On July 12, 2021, the Court consolidated this case with twelve

4    other cases alleging the same claims against Defendants for using the Amazon store to unlawfully

5    advertise, market, and sell the silicon earbud covers bearing the Champion Trademarks.  *See* Dkt.

6    #10.

7         Prior to filing these complaints, Amazon investigated the Amazon selling accounts related

8    to Defendants' alleged advertisement, sale, and distribution of the infringing products.  Plaintiffs

9    believe that all of the Defendants are located abroad given that the majority provided business

10   addresses located in China, while the remaining used foreign-based IP addresses, credit card

11   accounts issued from Hong Kong, and selected Chinese as the preferred language for their selling

12   account.  Dkt. #13 at ¶¶ 6-10.  Furthermore, Plaintiffs state that many of the Defendants registered

13   false information such as fake names, addresses and credit card information to their seller accounts

14   to deliberately mislead Amazon.  *Id.* at ¶ 8.  The primary means of communicating between

15   Amazon and the individual(s) operating Defendants' Amazon selling accounts were through

16   verified email addresses that Defendants provided when registering their Amazon selling accounts.

17   *Id.* at ¶¶ 5-6.

18        On September 10, 2021, Plaintiffs filed the instant motion seeking leave of this Court to

19   effect service on Defendants via email.  Dkt. #12.

20                          **III.    DISCUSSION**

21   **A. Legal Standard**

22        Federal Rule of Civil Procedure 4(f) provides for service of an individual in a foreign

23   country "by any internationally agreed means of service that is reasonably calculated to give

ORDER GRANTING PLAINTIFFS' EX
PARTE MOTION FOR ALTERNATIVE
SERVICE - 2

1    notice, such as those authorized by the Hague Convention . . ." or "by any other means not

2    prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1), (3). Courts

3    have permitted service by email where it is the only method reasonably calculated to apprise a

4    defendant of the pendency of the action. *See, e.g., Rio Properties, Inc. v. Rio Intern. Interlink,* 284

5    F.3d 1007, 1016–18 (9th Cir. 2002); *Xcentric Ventures, LLC v. Karsen, Ltd.,* 2011 316966 (D.

6    Ariz. 2011).

7         China and Hong Kong[1] are signatories to the Hague Convention, and although the Hague

8    Convention is silent regarding service by email, courts in this district regularly authorize requests

9    for service by email on foreign defendants in countries that are parties to the Convention. *See,*

10   *e.g., Amazon.com Inc. v. Sirowl Tech.*, No. 220CV01217RSLJRC, 2020 WL 7122846, at *3 (W.D.

11   Wash. Dec. 4, 2020); *Will Co. v. Kam Keung Fung*, No. 3:20-CV-05666-RSL, 2020 WL 6709712,

12   at *2 (W.D. Wash. Nov. 16, 2020). Here, as in *Sirowl* and *Will Co.*, Plaintiffs have demonstrated

13   an inability to obtain valid physical addresses for Defendants. Furthermore, Plaintiffs have shown

14   that Defendants conduct business through the Internet such that "service by email will provide

15   defendants with sufficient notice and an opportunity to respond." *Sirowl Tech.*, 2020 WL

16   7122846, at *3. Accordingly, the Court finds that service by email is appropriate. Plaintiffs'

17   Motion for Alternative Service on the named Defendants is therefore granted.

## IV.    CONCLUSION

19        Plaintiffs' *ex parte* Motion for Alternative Service, Dkt. #12, is GRANTED. Plaintiffs are

20   authorized to serve the following Defendants by registered email and to provide confirmation of

21   completed service by email to the Court:

22            a.  Dafang HaoJiafu Hotpot Store d/b/a Da Fang;

---

[1] Hong Kong is a "special administrative region of the People's Republic of China, which has advised the United States that the Hague Service Convention is in effect in Hong Kong." *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012).

ORDER GRANTING PLAINTIFFS' EX
PARTE MOTION FOR ALTERNATIVE
SERVICE - 3

b.  Guangzhou Yuexiu Yifansi Underwear Company d/b/a YLNO;
c.  Nanjing Anjiexun Network Engineering Co., Ltd. d/b/a Anjiexun Network;
d.  Guangzhou Angyan Technology Co., Ltd. d/b/a Championstores;
e.  Chen Jiongyu;
f.  Changsha Ningxing Network Technology Co., Ltd. d/b/a Lynxz
g.  Chen Yongzeng;
h.  An individual or entity d/b/a Eartherlas;
i.  An individual or entity d/b/a Penwernt;
j.  An individual or entity d/b/a Rowdy Rising;
k.  Fujian Huayun Culture Investment Co., Ltd. d/b/a Woah;
l.  Cao Qineng d/b/a CaiQi;
m.  An individual or entity d/b/a Dolopow
n.  Shenzhen Kajishi Advertising Co., Ltd. d/b/a HRClever;
o.  Xuchang Zhenni Trade Co., Ltd d/b/a Pamina Hair; and
p.  Zhang Pengju.


DATED this 22nd day of September, 2021.




RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFFS' EX
PARTE MOTION FOR ALTERNATIVE
SERVICE - 4