UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>DAFANG HAOJIAFU HOTPOT STORE, et al.,<br><br>   Defendants. | Consolidated Case<br>No. 2:21-cv-00766-RSM<br><br>ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION FOR EXPEDITED DISCOVERY |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiffs Amazon.com, Inc. ("Amazon"), HanesBrands, Inc., and HBI Apparel Enterprises, LLC ("HanesBrands") (collectively, "Plaintiffs")'s motion for expedited discovery relating to Defendants' identities. Dkt. #22. Defendants have not yet appeared in this matter. For the reasons set forth below, the Court GRANTS Plaintiffs' motion.

## II.   BACKGROUND

On June 10, 2021, Plaintiffs filed thirteen complaints alleging claims for trademark infringement, false designation of origin, and false advertising under the Lanham Act, and violations of the Washington Consumer Protection Act. *See, e.g.*, Dkt. #1. Plaintiffs' claims all

ORDER GRANTING PLAINTIFFS' EX
PARTE MOTION FOR EXPEDITED
DISCOVERY - 1

arise from Defendants' alleged operation of various seller accounts on Amazon's online store to unlawfully sell silicone covers for earbud cases using the HanesBrands trademark. *See, e.g.*, Dkt. #1 ¶¶ 36–41. On July 9, 2021, Plaintiffs moved to consolidate the thirteen cases, which the Court granted on July 12, 202. Dkts. #9, 10.

Although Plaintiffs have undergone "extensive efforts" to determine the identities of the Defendants, Dkt. #22 at 6, the Amazon seller accounts used by Defendants to sell the counterfeit products either use addresses that do not exist, or the individuals associated with those addresses do not match the name or descriptors provided by the Defendants. *Id.* at 2–3. Despite reasonable efforts to search publicly available information, no such persons can be found at the addresses associated with the seller accounts. *Id.* Through additional investigations, Plaintiffs determined that Defendants have used virtual bank accounts associated with the following payment service providers: Payoneer Inc., WorldFirst, PingPong Global Solutions Inc., and LL Pay U.S., LLC. *Id.* at 4. They have also identified e-mail addresses associated with the Defendants' accounts include the domains @hotmail.com, @outlook.com, and @gmail.com which are email services operated by Microsoft Corporation and Google LLC. *Id.*

Based on these findings, Plaintiffs move for leave to serve Fed. R. Civ. P. 45 subpoenas on Payoneer Inc., WorldFirst, PingPong Global Solutions Inc., LL Pay U.S., LLC, Microsoft Corporation, and Google LLC for purposes of obtaining information to locate the names and whereabouts of Defendants and information about the location of counterfeit goods and proceeds from their sale. *Id.* at 4–5; Dkt #24 at 2–3.

### III.   DISCUSSION

**A. Legal Standard**

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to permit expedited discovery, courts in this jurisdiction require that the moving party demonstrate that "good cause" exists to deviate from the standard pretrial schedule. *See Sovereign Bank v. Terrence Scott Twyford, Jr.,* No. C11-1256RSM (W.D. Wash. Aug. 16, 2012) (adopting the "good cause" standard for motions for expedited discovery); *Renaud v. Gillick,* 2007 WL 98465 (W.D. Wash. 2007) (finding that plaintiffs demonstrated good cause for expedited discovery); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery"). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool,* 208 F.R.D. at 276. The Ninth Circuit has emphasized that diligence and the intent of the moving party are the *sine qua non* of good cause. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992); *Renaud,* 2007 WL 984645, at *2.

B. Good Cause for Expedited Discovery

The Court begins by noting that the circumstances of this case are different from the ordinary circumstances giving rise to motions for expedited discovery, such as a motion seeking to identify an unknown Internet user that unlawfully accessed a plaintiff's intellectual property. Here, Plaintiff Amazon entered into a business relationship with the Defendants despite not knowing their identities. Now, having found that choice imprudent, Amazon seeks to better identify its contractual partners. As such, the Court struggles to conclude that Amazon

ORDER GRANTING PLAINTIFFS' EX
PARTE MOTION FOR EXPEDITED
DISCOVERY - 3

has been fully diligent in seeking to learn the identity of the Defendants.  Amazon—perhaps by design—elected not to seek additional verification of the Defendants' identities at the time it agreed to allow Defendants to market goods on its website.  However, despite this glaring omission, at least some of the Defendants actively misled Plaintiffs as to their identities.  The Court finds that Defendants should not be afforded the benefit of anonymity in furtherance of their bad actions.

Having considered the balance of factors, the Court concludes that Plaintiffs' intent in seeking expedited discovery justifies their request.  Courts routinely allow early discovery for the limited purpose of identifying defendants on whom process could not otherwise be served. *See, e.g., Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, No. 14-CV-621 RSM, 2014 WL 11010724, at *1–2 (W.D. Wash. July 18, 2014) (granting expedited discovery from Twitter, Inc. sufficient to identify Doe defendants); *The Thompsons Film, LLC. v. Does 1–194*, Case No. 2:13-cv-00560RSL (W.D. Wash. Apr. 1, 2013) (allowing early discovery from internet service providers to identify Doe defendants); *Digital Sin, Inc. v. Does 1–5698,* 2011 WL 5362068 (N.D. Cal. 2011) (same); *Cottrell v. Unknown Correctional Officers, 1–10,* 230 F.3d 1366, *1 (9th Cir. 2000) (explaining that "[t]he Federal Rules of Civil Procedure do not require that a district court dismiss unknown defendants simply because the plaintiff is unaware of the identity of those defendants at the time of the filing of the complaint."). "[W]here the identity of the alleged defendant[ ][is] not [ ] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980)).  And as Plaintiffs point out, the Court has granted

ORDER GRANTING PLAINTIFFS' EX
PARTE MOTION FOR EXPEDITED
DISCOVERY - 4

requests to issue subpoenas to payment service providers for financial records associated with defendants' selling accounts in cases with similar facts also involving Plaintiff Amazon, which led to the identification of previously unknown defendants involved in the alleged schemes. *See, e.g.*, *Amazon.com v. Yong*, 2:21-cv-00170-RSM, Dkt. #15 (order granting motion for expedited discovery to Payoneer); Dkt. #28 (amended complaint adding defendant identified through data received in response to Payoneer subpoena).

Here, Plaintiffs seek expedited discovery to ascertain sufficient identifying information about Defendants in order to effect service. Good cause exists where, as here, a plaintiff has exhausted its means to identify the defendant through publicly-available information and has no other way to identify the bad actors involved in the scheme. *Facebook, Inc. v. Various, Inc.*, 2011 WL 2437433, at *3 (N.D. Cal. 2011) ("Courts in [the Ninth] Circuit permit expedited discovery to identify unknown defendants usually when the plaintiff simultaneously can identify no defendants and legitimately fears that information leading to their whereabouts faces imminent destruction."); *see also Semitool,* 208 F.R.D. at 277 (granting expedited discovery where narrowly tailored requests will "substantially contribute to moving this case forward"). Having reviewed Plaintiffs' declarations, it appears they have exhausted publicly available means to trace specific names and addresses to the various Amazon seller accounts. *See* Dkt. #23 ¶ 15; Dkt. #24 ¶¶ 4–5.

Furthermore, the Court finds good cause for expedited discovery given Plaintiffs' claims that irreparable harm will result through Defendants' continued use of their trademarks, unfair competition and false advertising. Dkt. #1 ¶¶ 38–41; 46–48; 52–53; 59–63; 67–68.; *Music Grp. Macao Commercial Offshore Ltd.*, 2014 WL 11010724, at *2 (finding good cause where plaintiffs alleged irreparable harm through infringement and unfair competition); *see also Qwest*

*Comm. Intl, Inc. v. WorldQuest Networks, Inc.,* 213 F.R.D. 418, 419 (D. Co. 2003) ("The good cause standard may be satisfied . . . where the moving party has asserted claims of infringement and unfair competition."). For these reasons, Plaintiffs' intent in seeking expedited discovery supports a finding of good cause.

Finally, the Court finds minimal prejudice to Defendants if Plaintiffs are granted leave to conduct expedited discovery. Plaintiffs' discovery request is narrowly tailored to seek information only from those accounts on virtual payment platforms and email accounts associated with the Amazon seller accounts for the purpose of identifying the individuals connected to those accounts. *See* Dkt. #24 at 2–6. Furthermore, Plaintiffs have requested discovery directed at non-parties—not the Defendants—which courts recognize as "not impos[ing] a significant burden upon defendants." *Renaud*, 2007 WL 98465, at *3. To the extent Plaintiffs discover new information warranting additional Rule 45 subpoenas, they may file a supplemental motion for expedited discovery with information supporting their requests.

## IV.   CONCLUSION

Having reviewed Plaintiffs' Motion and the declarations filed in support thereof, the Court ORDERS:

(1) Plaintiffs' Ex Parte Motion for Expedited Discovery, Dkt. #22, is GRANTED. Plaintiffs are granted leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas on the following companies for the purpose of obtaining information that may identify Defendants:

    a.  Payoneer Inc.;

    b.  WorldFirst;

    c.  PingPong Global Solutions Inc.

    d.  LL Pay U.S., LLC;

   e. <u>Microsoft Corporation</u>; and

   f. <u>Google LLC.</u>

(2) Plaintiffs shall provide a copy of this Order with each subpoena issued pursuant thereto.

DATED this 8th day of June, 2022.

              *[signature]*
              RICARDO S. MARTINEZ
              CHIEF UNITED STATES DISTRICT JUDGE